1  Benjamin Hill [SBN 212078]
   INHOUSE CO.
2  5350 Topanga Canyon Blvd.
   Woodland Hills, CA 91364
3  Telephone: (818) 452-4430
   ben@inhouseco.com
4  ATTORNEYS FOR defendant State-Flex, LLC
        and defendant & cross-complainant Gary Fisher
5

6

7                    UNITED STATES DISTRICT COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9                         WESTERN DIVISION

10 STATE NARROW FABRICS, INC., a New        ) CASE NO.: 2:16-cv-04252-MWF-RAO
   York corporation;                         ) (Assigned for all purposes to Hon. Michael W.
11                                            ) Fitzgerald, Room 1600)
              PLAINTIFF,                      )
12                                            )
      v.                                      ) CROSS-COMPLAINT FOR:
13                                            ) 1.  FAILURE TO PAY OVERTIME
   GARY FISHER, a California resident; and    ) WAGES UNDER LABOR CODE §§ 510
14 STATE-FLEX, LLC, a California limited      ) AND 1194, AND 29 U.S.C. § 207 ET SEQ.;
   liability company;                         ) 2.  FAILURE TO PAY MINIMUM WAGES
15                                            ) UNDER LABOR CODE § 1197, AND 29
              DEFENDANTS.                     ) U.S.C. § 206 ET SEQ.;
16 _____  ) 3.  FAILURE TO PAY PREMIUM PAY
                                              ) FOR MISSED MEAL AND REST
17 GARY FISHER, a California resident;        ) PERIODS UNDER LABOR CODE §§ 226.7
                                              ) AND 512;
18         CROSS-COMPLAINANT,                 ) 4.  FAILURE TO PROVIDE ITEMIZED
                                              ) WAGE STATEMENTS UNDER LABOR
19    v.                                      ) CODE § 226;
                                              ) 5.  FAILURE TO PAY WAGES TIMELY
20 STATE NARROW FABRICS, INC., a New          ) UPON TERMINATION UNDER LABOR
   York corporation; AL LEBENSFELD, a New     ) CODE § 203;
21 York resident; RON LEVINE, a New York      ) 6.  FAILURE TO REIMBURSE
   resident and DOES 1 through 10, inclusive  ) EXPENSES UNDER LABOR CODE § 2802;
22                                            ) 7.  FAILURE TO PAY WAGES UNDER
           CROSS-DEFENDANTS.                  ) LABOR CODE § 200 ET SEQ. AND 29
23                                            ) U.S.C. § 201 ET SEQ.
                                              ) 8.  FAILURE TO MAINTAIN RECORDS
24                                            ) UNDER LABOR CODE § 1174
                                              ) 9.  VIOLATION OF BUSINESS AND
25                                            ) PROFESSIONS CODE § 17200 ET SEQ.
                                              ) 10. INTENTIONAL INTERFERENCE
26                                            ) WITH CONTRACTUAL RELATIONS
                                              )
27                                            ) DEMAND FOR JURY TRIAL
                                              )
28 _____  )

Defendant and cross-complainant Gary Fisher ("Fisher") alleges as follows.

**<u>THE PARTIES</u>**

1.      At all times mentioned herein, Fisher was an individual residing in the State of California and County of Los Angeles.

2.      Plaintiff and cross-defendant State Narrow Fabrics, Inc. ("SNF") is a corporation organized under the laws of the State of New York.  At all times mentioned herein, SNF's principal place of business was in the State of New York.

3.      At all times mentioned herein, cross-defendant Al Lebensfeld ("Lebensfeld") was an individual residing in the State of New York.  At all times mentioned herein, Lebensfeld was the President of SNF.

4.      Fisher is informed, believe and thereon alleges that, at all times mentioned herein, Lebensfeld was the controlling shareholder of SNF.

5.      At all times mentioned herein, cross-defendant Ron Levine ("Levine") was an individual residing in the State of New York.

6.      Fisher is informed, believe and thereon alleges that, at all times mentioned herein, Levine co-owned SNF along with Lebensfeld.

7.      Fisher is informed and believes and thereon alleges that Lebensfeld was his "employer" as defined in and subject to the California Labor Code, the Industrial Welfare Commission Wage Orders and Fair Labor Standards Act, and/or a person acting on behalf of the employer who violated or caused to be violated the Labor Code, the Industrial Welfare Commission Wage Orders and the Fair Labor Standards Act regulating hours and days of work and compensation.

8.      The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of cross-defendants Does 1 through 10, inclusive, are unknown to Fisher who therefore sues these Doe defendants by such fictitious names.  Fisher will seek leave to

amend this Cross-complaint to allege the true names and capacities of Does 1 through 10, inclusive, when they are ascertained.  Lebensfeld, SNF and the Doe cross-defendants hereinafter shall be collectively referred to as "Cross-Defendants" and individually referred to as " Cross-Defendant."

9.     On information and belief, Fisher alleges that the Cross-Defendants named in this Cross-complaint, including Does 1 through 10, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

10.     On information and belief, Fisher alleges that the Cross-defendants named in this Cross-complaint, including Does 1 through 10, inclusive, are, and at all times mentioned herein were, agents, servants, and/or employees of each of the other Cross-defendants and that each Cross-defendant was acting within the course of scope of his, hers or its authority as the agent, servant and/or employee of each of the other Cross-defendants.  Consequently, all Cross-defendants are jointly and severally liable to Fisher for the damages sustained as a proximate result of their conduct.

11.     During the time period that Fisher performed work for Cross-defendants, and each of them, each Cross-defendant was qualified as and, in fact, was, Fisher's employer.

12.     On information and belief, Fisher alleges that there is a unity of interest and ownership between Lebensfeld on the one hand, and SNF, on the other hand, such that separate personalities of Lebensfeld and  SNF did not exist during the time period when Fisher performed work for Cross-defendants, and each of them.

13.     On information and belief, Fisher alleges that Lebensfeld: (1) commingled funds with SNF; (2) did not follow company formalities for SNF, (3) did not adequately capitalize SNF; (4) did not conduct transactions at arm's-length with SNF, (5) did not maintain minutes for SNF; (6)

did not maintain company records for SNF; and (7) confused the records as between himself and SNF.

14.     On information and belief, Fisher alleges that Lebensfeld did not treat SNF as an entity separate from themselves, generally and at all times.

15.     On information and belief, Fisher alleges that Lebensfeld established and used SNF for the sole purpose of shielding himself from liability.

16.     On information and belief, Fisher alleges that Lebensfeld used SNF as a mere shell, instrumentality, or conduit for the single venture that is his operation.

17.     Fisher further alleges that there will be an inequitable result if the acts by Cross-defendants, as set forth in this Cross-complaint, are treated as those of SNF alone.  Fisher further alleges that to allow Lebensfeld to use SNF to escape liability would be tantamount to sanctioning a fraud or promoting injustice because any purported separateness between Lebensfeld, on the one hand, and SNF, on the other hand, is mere illusion.

## JURISDICTION AND VENUE

18.     Cross-defendants and each of them are subject to the Court's personal jurisdiction because their activities within California are substantial, continuous and systematic.  For many years, they have engaged in a substantial amount of business within California, including: making sales; selling goods and services; employing individuals; and contracting with individuals.  16.  Cross-defendants and each of them also purposefully directed their activities toward residents of California, and Fisher's claims arise out of and result from the Cross-defendants' contacts in California including, but not limited to: setting Fisher's working conditions; failing to pay Fisher all wages due to him; and failing to reimburse Fisher for his expenditures.

19.     The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Fisher is asserting claims under the Fair Labor Standards Act.  The Court also has

supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the relationship between the federal and state claims is such that they form part of the same case or controversy under Article III of the United States Constitution. In addition, the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and Cross-complainant and Cros-defendants are citizens of different states.

20.    Venue is proper in the Central District of California under 28 U.S.C. § 1391(c)(2), as Cross-defendants are subject to the court's personal jurisdiction and have sufficient minimal contacts with this District. Cross-defendant conduct business by selling goods and services and employing individuals to provide those goods and services within the Central District of California. In addition, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions underlying the claims in this case occurred in the Central District of California including, but not limited to, Fisher was employed to work, performed work and was not paid wages or reimbursed expenses in the Central District of California.

## **GENERAL ALLEGATIONS**

21.    On or about October 2011, Fisher and Cross-defendants formed an oral agreement whereby Fisher would provide SNF services that included, but were not limited to, increasing SNF's sales and counseling SNF's sales staff to generate sales on a product that had not heretofore been sold by SNF in exchange for the following compensation: $8,500.00 monthly salary; health insurance; travel and expense reimbursement; twenty-five percent of each year's net profits; use of an SNF warehouse (the "Warehouse") located in the City Of Los Angeles, State of California.

22.    In order to avoid listing Fisher as an employee in SNF's accounting records, Lebensfeld and SNF insisted that: (1) SNF would not pay Fisher directly; (2) Fisher establish a limited liability company; and (3) Fisher receive payment from SNF through this newly formed limited liability company.

23.    On the 27th day of December 2013, Fisher established State-Flex, LLC ("State-Flex") as a limited liability company under the laws of the State of California.

24.    Beginning on or about October 2011, Fisher was employed by SNF and provided services to SNF.

25.    During the period beginning on or about October 2011 and ending the 4th day of April 2016, SNF paid for Fisher's services by paying: $7,500 of Fisher's $8,500 monthly salary to State-Flex; $1,000 of monthly salary to Fisher; and the annual bonus to Fisher.

26.    During Fisher's employment by SNF, Lebensfeld was a "person" who acted in SNF's interest in dealing with Fisher under the Fair Labor Standards Act ("FLSA").  (29 U.S.C. § 203(a)) Lebensfeld exercised control over the nature and structure of the employment relationship between SNF and Fisher, including, but not limited to: control over the day-to-day operations; setting and paying wages and reimbursements; and supervision of Fisher. As a result, Lebensfeld was Fisher's "employer" and was responsible for Fisher's unpaid wages and other wage and hour claims under the FLSA.  (29 U.S.C. § 203(d) et seq.)

27.    Fisher was willfully misclassified as an independent contractor in violation of California Labor Code section 226.8.   In fact, Cross-defendants engaged in a subterfuge to avoid employment status for Fisher.  In reality, Fisher was a non-exempt "employee" under federal and California law.

28.    Fisher was an "employee" of Cross-defendants under federal and California law for the following reasons: (a) his employment could be terminated "at-will," with or without cause; (b) the  services provided by the Fisher was an essential part of the business of Cross-defendants, not a distinct occupation or business; (c) Cross-defendants directed and controlled Fisher's work; (d) Fisher did not hire others, delegate work, or assign work; (e) Fisher was prohibited from disclosing that Cross-defendant deemed him an independent contractor; (d) Fisher was reimbursed

for travel by Cross-defendants; (e) Fisher was only required to provide a minimal amount of tools or equipment to perform his work; (f) Fisher's employment was indefinite and for no set period of time; (g) even though Fisher and Cross-defendants orally agreed that Fisher was an independent contractor, Fisher and Cross-defendants believed Fisher was an; (h) there was no opportunity for profit or loss depending upon Fisher's managerial skills; (i) while employed by Cross-defendants, Fisher worked on average six or seven days per week and did not work for others; and (j) Cross-defendants did not employ anyone other than Fisher to provide similar services.

29.     During his employment by Cross-defendants, Fisher was not paid agreed upon wages for all hours worked.   During his employment by Cross-defendants, Fisher was not paid overtime wages payable at the rate of at least one and one-half times his regular rate of pay for all work: (a) in excess of eight hours in one workday; (b) in excess of forty hours in one workweek; or (c) for the first eight hours of work performed on the seventh consecutive day in a workweek.  During his employment by Cross-defendants, Fisher was not paid overtime wages payable at the rate of at least twice the regular rate of pay for all work in excess of (a) twelve hours in one workday; or (b) for all work in excess of eight hours on the seventh consecutive day in a workweek.

30.     During his employment by Cross-defendants, Fisher was not compensated for all business expenses pursuant to California Labor Code section 2802 and other applicable laws.

31.     During his employment by Cross-defendants, Fisher was required to pay the Cross-defendant's portion of social security, medicare and other payroll taxes.

32.     During his employment by Cross-defendants, Fisher was not provided all 30-minute uninterrupted meal periods after every five (5) hours of work, nor was Fisher provided all 10-minute rest periods during every four (4) hours of work or major fraction thereof, as required under California law.

33.     Cross-defendants failed to provide Fisher with accurate itemized wage statements when he was paid, including correct statements of gross and net wages earned, the number of hours worked at the applicable rates of pay, partial social security number, the legal name and address of the employer and other information required by Labor Code section 226.

34.     On or about April 4, 2016, Cross-defendants terminated Fisher's employment.

35.     Fisher was not paid and still has not been paid all wages due when his employment was terminated.

36.     Beginning on or about 1991, Fisher and Moldex-Metric, Inc. ("Moldex") formed an oral agreement whereby Fisher would provide Moldex: (1) 8,000 to 10,000 pounds of rubber per month with an override based on a $2.09/pound cost price and a $2.65/pound sale price; (2) 250,000 to 500,000 yards of elastic per month with an override based on a $.025/yard cost price and a $.0325/yard sale price; (3) 50,000 yards of elastic per month with an override based on a $.03/yard cost price and a $.055/yard sale price; and (4) 216,000 yards of elastic per year with an override based on a $.0375/yard cost price and a $.06473/yard sale price.

37.     On information and belief, on or about April 2016, Lebensfeld, Levine and SNF contacted Moldex's Head of Purchasing, Larry Tudor ("Tudor"), and threatened legal action against Moldex in the event that Moldex continued to conduct business with Fisher until SNF's dispute with Fisher is resolved or adjudicated.

38.     Also on or about April 2016, Moldex's Vice President for Legal Affairs, Jim Hornstein confirmed to Fisher that Levine had contacted him for purposes of notifying Moldex that SNF prohibits Moldex from conducting any further business with Fisher until SNF's dispute with Fisher is resolved or adjudicated.

39.     As of April 2016, Fisher was generating approximately $115,500 of annual gross revenue from his contract with Moldex.

CROSS-COMPLAINT

40.     On or about June 2016, Tutor notified Fisher via email that Moldex would cease and desist from conducting any further business with him because of the threat of legal action by Lebensfeld, Levine and SNF.

41.     Beginning on or about September 1991, Fisher and Raj Manufacturing ("Raj") formed an oral agreement whereby Fisher would provide Raj: (1) rubber with an override based on a $2.11/pound cost price and a $2.95/pound sale price; and (2) elastic with an override based on a $.085/yard cost price and a $.14/yard sale price;

42.     On information and belief, on or about June 2016, Lebensfeld, Levine and SNF contacted Rick Lawrence, an executive at Raj, and threatened legal action against Raj in the event that Raj continued to conduct business with Fisher until SNF's dispute with Fisher is resolved or adjudicated.

43.     As of April 2016, Fisher was generating approximately $250,000 of annual gross revenue from his contract with Raj.

44.     At all times from October 2011 to the present, SNF knew that Fisher was using the Warehouse for the performance of his contractual duties to Raj.

45.     When terminating Fisher's employment in April 2016, SNF notified Fisher that it would no longer permit Fisher to use the Warehouse.

46.     As a direct and proximate result of SNF denying Fisher the use of its warehouse, Fisher has failed and continues to fail to deliver the all of the agreed-upon textile products to Raj.

### **FIRST CAUSE OF ACTION**

**Failure to Pay Overtime Wages** (Cal. Labor Code 510, 1194; 29 U.S.C. 4207 et seq.)

(Brought by Fisher Against Lebensfeld and SNF)

47.     Fisher incorporates all of the foregoing paragraphs as though fully set forth herein.

48.     At all relevant times, Fisher was an employee of Cross-defendants covered by California Labor Code Section 510, the applicable California Wage Order of the Industrial Welfare Commission, and the Fair Labor Standards Act, 29 U.S.C. § 207 et seq.

49.     Pursuant to California Labor Code Section 510 and the applicable California Wage Order of the Industrial Welfare Commission, Fisher was entitled to overtime wages payable at the rate of at least one and one-half times his regular rate of pay for all work: (a) in excess of eight hours in one workday; (b) in excess of forty hours in one workweek or (c) for the first eight hours of work performed on the seventh consecutive day in a workweek.  Pursuant to California Labor Code Section 510 and the applicable California Wage Order, Fisher was entitled to overtime wages payable at the rate of at least twice the regular rate of pay for all work: (a) in excess of twelve hours in one workday; or (b) for all work in excess of eight hours on the seventh consecutive day in a workweek.  Likewise, under 29 U.S.C. § 207 et seq., Fisher was entitled to overtime wages for hours worked in excess of 40 per workweek.

50.     Cross-defendants willfully failed to pay Fisher all amounts of overtime wages owed in accordance with California Labor Code Section 510 and the applicable California Wage Order of the Industrial Welfare Commission.

51.     Cross-defendants operated under and continue to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay Fisher overtime compensation at the rates required by the FLSA, 29 U.S.C. § 207 for work performed in excess forty (40) hours per workweek to which Fisher is entitled.

52.     As a result of Cross-defendants' unlawful conduct, Fisher has suffered damages in an amount not yet known, but subject to proof after discovery, to the extent he has not been paid all overtime wages earned.

53.     Pursuant to California Labor Code Section 1194 and 29 U.S.C. §§ 207, 216 et seq., Fisher is entitled to recover the full amount of his unpaid overtime wages, interest thereon, reasonable attorney's fees, liquidated damages, and costs of suit.

54.     As Fisher has not received all records and information from Cross-defendants, the full amount of his unpaid overtime wages is not currently known.  On information and belief, Fisher alleges that his unpaid overtime wages are within the Court's jurisdiction.  Fisher reserve the right to amend the Cross-complaint after additional discovery is conducted regarding the amount of unpaid overtime wages sought.

## SECOND CAUSE OF ACTION

**Failure to Pay Minimum Wages** (Cal. Labor Code 1197 et seq. and 29 U.S.C. 6206 et seq.)

(Brought by Fisher Against Lebensfeld and SNF)

55.     Fisher incorporates all of the foregoing paragraphs as though fully set forth herein.

56.     California Labor Code § 1197 provides, "the minimum wage for employee fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful." Under the Fair Labor Standard Act, 29 U.S.C. § 206 et seq., employees are to be paid the minimum wage set forth therein.

57.     Cross-defendants willfully paid Fisher less than minimum wages set forth in the California Labor Code and the Fair Labor Standard Act.

58.     In committing the violations of state law as herein alleged, Cross-defendants have knowingly and willfully refused to perform their obligations to compensate Fisher for all wages earned and all hours worked at least minimum wage. As a direct result, Fisher has suffered and will continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages and lost interest on such monies and expenses and attorney's fees in seeking to compel

Cross-defendants to fully perform their obligation under state law, all to his damage in amounts according to proof at trial and within the jurisdiction of this Court.

59.    In relevant part, California Labor Code § 1194 et seq. and 29 U.S.C. §§ 206, 216 et seq. provide that any employee receiving less than minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the amount of this minimum wage, including interest thereon, reasonable attorney's fees, and cost of suit, which Fisher seeks.

60.    Pursuant to Labor Code § 1194.2 and 29 U.S.C. § 216 et seq., liquidated damages are available to employees who file an action under Labor Code §1194 and 29 U.S.C. § 206 et seq., which Fisher seeks.

## **THIRD CAUSE OF ACTION**

**Failure to Pay Premium for Missed Meal and Rest Periods** (Cal. Labor Code §§ 226.7, 512)

(Brought by Fisher Against Lebensfeld and SNF)

61.    Fisher incorporates all of the foregoing paragraphs as though fully set forth herein.

62.    At all relevant times, Fisher was an employee of Cross-defendants covered by California Labor Code Sections 226.7 and 512, and the applicable California Wage Order of the Industrial Welfare Commission.

63.    Pursuant to California Labor Code Sections 226.7 and 512 and the applicable California Wage Order of the Industrial Welfare Commission, Fisher was entitled to an additional hour of pay at his regular rate of pay for each work day that a meal period was not provided.  Likewise, under the same laws, Fisher was entitled to an additional hour of pay at his regular rate of pay for each work day that a rest period was not provided.

64.    Cross-defendants failed to pay Fisher the premium pay for missed meal and rest periods in accordance with California Labor Code Sections 226.7 and 512 and the applicable California Wage Order of the Industrial Welfare Commission.

65.    As a result of Cross-defendants' unlawful conduct, Fisher has suffered damages in an amount, subject to proof, to the extent he was not paid all premium pay for all missed meal and rest periods.  Fisher is entitled to recover the full amount of: his unpaid premium pay; interest thereon; reasonable attorney's fees; and costs of suit.

66.    As Fisher has not received all records and information from Cross-defendants, the full amount of the premium pay for missed meal and rest periods is not currently known. On information and belief, Fisher alleges that the premium pay due to him is within the Court's jurisdiction.  Fisher reserves the right to amend the Cross-complaint after additional discovery is conducted regarding the amount of premium pay sought.

### FOURTH CAUSE OF ACTION

**Failure to Furnish Itemized Wage Statements** (Cal. Labor Code 226)

(Brought by Fisher Against Lebensfeld and SNF)

67.    Fisher incorporates all of the foregoing paragraphs as though fully set forth herein.

68.    California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: Every employer shall at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units worked or earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates for the period paid, (7) partial social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not

exceeding an aggregate penalty of four thousand dollars ($4,000) per employee, and is entitled to an award of costs and reasonable attorney's fees."

69.     Throughout the period applicable to this cause of action, Cross-defendants knowingly and intentionally failed to furnish, and continue to knowingly and intentionally fail to furnish, to Fisher upon each payment of wages, itemized statements accurately showing the information required by California Labor Code section 226.

70.     Fisher suffered injury by these failures because, among other things, the failures led him to believe that he was being paid for all hours and jobs actually worked, these wage statement failures prevented and will prevent him from determining the true amounts of wages owed to him, and caused them, and will cause him, extra work and effort to determine his true wages and the identity of his employer.

71.     Fisher is entitled to the amounts provided for in California Labor Code § 226(e), which amounts to $4,000 plus costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

**Failure To Pay Wages Timely Upon Termination** (Cal. Labor Code § 203)

(Brought by Fisher Against Lebensfeld and SNF)

72.     Fisher incorporates all of the foregoing paragraphs as though fully set forth herein.

73.     Pursuant to California Labor Code §§ 201 and 202, Fisher was entitled, upon the end of his employment by Cross-defendants, to timely payment of his final wages (i.e., all wages earned and unpaid prior to termination).  Indeed, discharged employees are entitled to payment of final wages immediately upon termination, while employees who resigned are entitled to all final wages within 72 hours of notice.

74.     Cross-defendants failed to pay Fisher, without abatement, all the wages due to him upon his separation from employment within the time periods provided in California Labor Code §§

201 and 202 by failing to pay Fisher the wages owed to him as a consequence of Cross-defendants' underpayment of overtime and minimum wages and premium pay for missed meal and rest periods, among other things.

75.     Cross-defendants' failure to pay Fisher all wages earned prior to his separation from employment in accordance with California Labor Code §§ 201 and 202 was willful within the meaning of California Labor Code § 203.  Cross-defendants had the ability to pay final wages in accordance with California Labor Code §§ 201 and 202 but maintained customs, policies, practices, procedures, protocols, routines or rules that were and are incompatible with the requirements of California Labor Code §§ 201 and 202.

76.     Pursuant to California Labor Code § 203, Fisher is entitled to continuation of his wages from the day the earned and unpaid wages were due upon separation, up to a maximum of 30 days.

77.     As a result of Cross-defendants' conduct, Fisher has suffered damages in an amount, subject to proof, to the extent he was not paid all continuation wages owed under California Labor Code § 203.  The total amount of continuation wages owing to Fisher is not entirely known to Fisher, but can be determined from employment records maintained by Cross-defendants.  On information and belief, Fisher alleges the 30 days' continuation of wages due to him as a penalty under California Labor Code §203 is within the Court's jurisdiction.

78.     Pursuant to Labor Code §§ 218 and 218.5, Fisher is not only entitled to recover the full amount of his continuation wages under Labor Code § 203, but he is entitled to reasonable attorney's fees, and costs of suit.  Fisher also is entitled to recover interest on all due and unpaid wages and continuation wages under Labor Code § 218.6 and Civil Code § 3287(a).

## **SIXTH CAUSE OF ACTION**

**Failure To Reimburse Expenses** (Cal. Labor Code section 2802 et seq.)

(Brought by Fisher Against Lebensfeld & SNF)

CROSS-COMPLAINT

79.   Fisher incorporates all of the foregoing paragraphs as though fully set forth herein.

80.   Pursuant to California Labor Code Section 2802, an employer must indemnify its employees "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties [...]."

81.   Fisher made necessary expenditures and incurred losses as a direct consequence of the discharge of his duties and in obedience to the directions of Cross-defendants including, but not limited to, employer's side of payroll taxes, equipment, gasoline, travel and other expenses.

82.   Cross-defendants were responsible for reimbursing Fisher for his expenditures and losses as a direct consequence of the discharge of his duties, but failed to do so.

83.   As a result of Cross-defendants' unlawful conduct, Fisher has suffered damages in an amount within the jurisdiction of the Court.  Fisher is entitled to recover: the full amount of the unpaid expenditures and losses; interest thereon; reasonable attorney's fees; and costs of suit.

### SEVENTH CAUSE OF ACTION

**Failure To Pay Wages** (Cal. Labor Code § 200 et seq. and 29 U.S.C. § 201 et seq.)

(Brought by Fisher Against Lebensfeld and SNF)

84.   Fisher incorporates all of the foregoing paragraphs as though fully set forth herein.

85.   At all relevant times, Cross-defendants were responsible for the payment of Fisher's wages and benefits promised to him, but they willfully failed to pay said wages and benefits owed to Fisher in violation of California Labor Code Sections 200 et seq., the applicable California Wage Order of the Industrial Welfare Commission, and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

86.   As a result of Cross-defendants' unlawful conduct, Fisher has suffered damages within the jurisdiction of the Court.

87.    Pursuant to California Labor Code Section 200 et seq., the applicable California Wage Order of the Industrial Welfare Commission and the Fair Labor Standards Act, Fisher is entitled to recover the full amount of: his unpaid wages and benefits; unpaid overtime compensation; interest thereon; reasonable attorney's fees; and costs of suit.  Fisher also is entitled to liquidated damages equal to the amount of unpaid wages under the Fair Labor Standards Act because Cross-defendants cannot meet their burden of showing they acted in good faith or had reasonable grounds for believing their conduct did not violate the Fair Labor Standards Act.

## **EIGHTH CAUSE OF ACTION**

**Failure To Maintain Records** (Cal. Labor Code § 1174)

(Brought by Fisher Against Lebensfeld and SNF)

88.    Fisher incorporates all of the foregoing paragraphs as though fully set forth herein.

89.    California Labor Code § 1174(d) requires, in part, that employers, including Cross-defendants, maintain payroll records showing the hours worked daily by its employees and to whom wages were paid.

90.    Pursuant to California Labor Code § 1174.5, any person employing labor who willfully fails to maintain accurate and complete records required by California Labor Code § 1174(d) is subject to a penalty.

91.    Pursuant to the applicable California IWC Order, every employer shall keep time records showing when the employee begins and ends each work period.  Meal periods and total daily hours worked shall also be recorded.  Additionally, pursuant to the applicable California IWC Order, every employer shall keep total hours worked in the payroll period and applicable rates of pay.

92.    During the time period of Fisher's employment, Cross-defendants willfully failed to maintain records pursuant to California Labor Code § 1174 and the applicable California IWC

Order by its actions of failing to maintain records showing meal periods and the hours worked daily and not properly recording to whom the wages were paid.

93.    On information and belief, meal periods and hours worked daily by Fisher were not accurately recorded on Cross-defendants' records, resulting in inaccurate record keeping of hours worked and meal periods, among other things.

94.    On information and belief, Cross-defendants' failure to provide and maintain records required by California Labor Code § 1174 and the applicable California IWC Order deprived Fisher with the ability to know, understand and question the calculation and rate of pay and hours used to calculate the wages paid by Cross-defendants.  Fisher, therefore, had no way to dispute the resulting miscalculation of wages, all of which resulted in an unjustified economic enrichment to Cross-defendants.

95.    As a direct result of Cross-defendants' failure to provide and maintain records required by California Labor Code § 1174 and the applicable California IWC Order, Fisher has suffered and continue to suffer in an amount according to proof at trial: substantial losses related to the use and enjoyment of such wages; lost interest on such wages; and expenses and attorney's fees in seeking to compel Cross-defendants to fully perform its obligation under state law.

96.    As a result of Cross-defendants' knowing and willful failure to comply with California Labor Code § 1174 and the applicable California IWC Order, Fisher has suffered injury in that he was prevented from knowing, understanding and disputing the wage payments paid to him.

## NINTH CAUSE OF ACTION

**Unfair Competition** (Cal. Business & Professions Code § 17200 et seq.)

(Brought by Fisher Against Lebensfeld and SNF)

97.    Fisher incorporates all of the foregoing paragraphs as though fully set forth herein.

98.    Fisher brings this action on behalf of himself, pursuant to Business and Professions Code § 17200 et. seq.  Cross-defendants are "persons" under Business and Professions Code § 17021.

99.    Cross-defendants' conduct alleged above constitutes unlawful, fraudulent, deceptive, and unfair business acts and practices in violation of Business & Professions Code § 17200 et seq.

100.    Due to their unlawful, fraudulent, deceptive, and unfair business acts and practices in violation of the California Labor Code and the Fair Labor Standards Act, Cross-defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to: properly classify employees (not to willfully misclassify employees as independent contractors); pay employees properly calculated overtime wages, minimum wages and premium pay for missed meal and rest periods; provide all pay to employees when their employment is terminated; reimburse employees for their job expenses and employer's payroll taxes; maintain appropriate employment records; and provide accurate itemized wage statements to employees.

101.    As a result of Cross-defendants' unfair competition as alleged herein, Fisher has suffered injury in fact and lost money or property.  Fisher was deprived of his right to: overtime wages, minimum wages and premium pay for missed meal and rest periods at the proper rates for all hours worked; all wages due at the termination of his employment; reimbursed expenses; and accurate itemized wage statements.  Fisher also was denied compensation and benefits, as he was required to pay Cross-defendants' portion of payroll taxes (social security, medicare and other taxes), and was denied unemployment insurance benefits, worker's compensation benefits, and other benefits provided to Cross-defendants' properly classified employees.

102.    Pursuant to Business and Professions Code § 17200 et seq., Fisher is entitled to restitution and disgorgement for at least the following: overtime wages; minimum wages; unreimbursed expenses; the Cross-defendants' portion of payroll taxes paid by Fisher; other benefits or

equivalent amounts provided to Cross-defendants' properly classified employees; and premium pay owed to Fisher but unlawfully not paid, withheld and/or retained by Cross-defendants, in the amounts alleged in this Cross-complaint.

103.    Fisher also is entitled to injunctive relief to prevent future violations and declaratory relief that Cross-defendants have engaged in unlawful, unfair and fraudulent conduct.

104.    Fisher has incurred and is continuing to incur attorney's fees and costs associated with bringing this action, which he expects will provide a significant benefit to the public, including the injunctive and declaratory relief sought.  Upon the successful enforcement of such important rights, Fisher will seek attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5, the California Labor Code and other applicable laws.

### TENTH CAUSE OF ACTION

### Intentional Interference With Contractual Relations

#### (Brought by Fisher Against Lebensfeld, Levine and SNF)

105.    Fisher incorporates all of the foregoing paragraphs as though fully set forth herein.

106.    Fisher is informed and believes and thereon alleges that, at all times relevant herein, Lebensfeld, Levine and SNF were aware of and had knowledge of Fisher's contractual relationship with Moldex and with Raj.

107.    Fisher is informed and believes and thereon alleges that by their unjustified and unprivileged conduct, as alleged above, Lebensfeld, Levine and SNF intended to disrupt the contractual relationship between Fisher and Moldex and between Fisher and Raj .

108.    Fisher is informed and believes and thereon alleges that Lebensfeld, Levine and SNF's conduct, as alleged above, disrupted Fisher's contractual relationship with Moldex and Fisher's contractual relationship with Raj.

CROSS-COMPLAINT

109.    As a direct, proximate, and foreseeable result of Lebensfeld, Levine and SNF's wrongful conduct, as alleged above, Fisher has suffered damages in an amount to be proven at trial.  Fisher will seek leave of Court to amend this Complaint to set forth the exact amount of damages when they have been ascertained.

110.    Fisher is informed and believes and thereon alleges that Lebensfeld, Levine and SNF have acted with oppression, fraud, and malice, and have deliberately caused and have intended to cause great economic harm to Fisher with full knowledge of the wrongfulness of their conduct. Lebensfeld, Levine and SNF's conduct as alleged above was despicable, was carried on with a willful and conscious disregard of Fisher's rights, and subjected Fisher to unjust hardship. Therefore, Fisher should be awarded punitive and exemplary damages sufficient to punish Lebensfeld, Levine and SNF for engaging in this conduct and to deter similar conduct on his part in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Fisher prays for relief and judgment against Cross-defendants, jointly and severally, as follows, in amounts according to proof (where amounts are sought):

A.  Judgment in favor of Fisher and against Cross-defendants;

B.  For special, general and compensatory damages including, but not limited to, unpaid overtime wages, minimum wages, and unreimbursed expenses;

C.  For unpaid premium pay for all missed meal and rest periods;

D.  For the penalties and amounts provided in Labor Code §§ 203, 558 and other provisions in the Labor Code;

E.  For the penalties, injunctive relief and amounts provided for in Labor Code § 226(e) of $4,000;

F.  For restitution, injunctive relief, declaratory relief and other relief authorized by Business and Professions Code §§ 17200 et seq.;

G.  Pre-judgment interest and costs of suit;

H.  Reasonable attorney's fees under the California Labor Code, the Fair Labor Standards Act, California Code of Civil Procedure § 1021.5 and other applicable provisions of law;

I.  Liquidated damages under California Labor Code § 1194.2, 29 U.S.C. § 216, and other provisions of the California Labor Code and the Fair Labor Standards Act;

J.  Punitive and exemplary damages; and

K.  Such other relief as required by law, which the Court deems just and proper.

**DATED:** August 22, 2016                                 **INHOUSE CO.**

By: _____
Benjamin Hill, Esq.
Attorney for defendant State-Flex, LLC and
defendant & cross-complainant Gary Fisher

## JURY TRIAL DEMANDED

A jury trial is hereby demanded by Fisher.

**DATED:** August 22, 2016                                 **INHOUSE CO.**

By: _____
Benjamin Hill, Esq.
Attorney for defendant State-Flex, LLC and
defendant & cross-complainant Gary Fisher

22
CROSS-COMPLAINT

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document has been electronically filed with the Clerk in accordance with the CM/ECF system, which will cause email notification of such filing to be sent to the following counsel of record:

John S. Baker
Baker.john@dorsey.com
Bryan M. McGarry
mcgarry.bryan@dorsey.com
Robert A. Schultz
Schultz.bob@dorsey.com
DORSEY &WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626-7655
ATTORNEYS FOR plaintiff State Narrow Fabrics, Inc.

Susan Progoff
progoff.susan@dorsey.com
Fara S. Sunderji
sunderji.fara@dorsey.com
DORSEY & WHITNEY LLP
51 W. 52nd Street
New York, NY 10019-6119
ATTORNEYS FOR plaintiff State Narrow Fabrics, Inc.

Benjamin Hill
ben@inhouseco.com
INHOUSE CO.
5350 Topanga Canyon Blvd.
Woodland Hills, CA 91364
ATTORNEYS FOR defendant State-Flex, LLC  and defendant & cross-complainant Gary Fisher

This the 22nd day of August, 2016.

/s/ Benjamin Hill
BENJAMIN HILL
Attorney for Defendants